# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY POZNAK,**

        Plaintiff,

        -vs-                                        Case No. 11-C-618

**THE PNC BANK CORP. AND AFFILIATES**
**LONG TERM DISABILITY PLAN,**

        Defendant.

## DECISION AND ORDER

This matter comes before the Court on the defendant's renewed motion to file certain documents under seal. In accordance with the Court's suggestion in a previous order, the defendant filed redacted versions of a variety of documents related to the pending cross-motions for summary judgment. The defendant also renews its request to file the entire administrative record under seal. For the reasons that follow, this motion is denied.

The "public's right of access to court proceedings and documents is well-established." *Grove Fresh Distribs., Inc. v. Ever-fresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Accordingly, when confronted with documents submitted under seal, the Court "must determine what parts of the [record] contain material that ought, upon a neutral balancing of the relevant interests,

be kept out of the public record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir 1999).

Just like the motion that preceded it, the instant motion fails to justify keeping any part of the submitted documents out of the public record. The defendant repeatedly references the stipulated protected order, but this order does not grant "carte blanche to decide what portions of the record shall be kept secret." *Citizens Bank* at 945; *see also Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (breach of a confidentiality agreement may result in a claim for damages, but the parties' confidentiality agreement "can not require a court to hide a whole case from view"). "Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002).

Setting aside the confidentiality agreement, the defendant argues that it needs to keep the plaintiff's medical treatment records and financial information out of the public record. Yet the plaintiff essentially forfeited her secrecy by filing this lawsuit in federal court, putting her medical condition and any other information contained in the administrative record squarely at issue. "Many a litigant would prefer that the subject of the case . . . be kept from the curious . . . but the tradition that litigation is open to the public is of very long standing. People who want secrecy should opt for arbitration. When they call on the courts,

they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Leavell* at 567-68. If there is a specific statute or rule that justifies secrecy with respect to a particular document or item of information, the moving party must identify it for the Court to properly evaluate the request. There are basic redaction requirements which help protect the privacy of litigants in federal court. Fed. R. Civ. P. 5.2 (Privacy Protection for Filings Made with the Court).

The defendant also wants to seal "Highly Confidential and proprietary business information" that is contained in the administrative record and referenced throughout its briefing materials. Aside from the defendant's repeated assertions that this information constitutes a trade secret, the Court has no basis for concluding as such. The defendant must establish that the information is something whose "economic value depends on its secrecy." *Baxter* at 547. The defendant cannot rely on a "bald assertion that confidentiality promotes [its] business interests." *Id.*

Finally, the redacted documents that the defendant publicly filed are completely unacceptable. D. 50-55. The redactions are so extensive that it is impossible to read them. The extent of the redactions strongly suggests that the defendant is overreaching in its quest to keep these proceedings under seal. The Court will not remove publicly filed documents (D. 37, 38, 46, 47) in favor of redacted versions of those documents (D. 52-55). Docket numbers 50 and 51 (redacted versions) correspond to docket numbers 32, 33, and 34-6, documents that are still tentatively filed under seal. The Court will give the defendant one last chance to justify keeping D. 32-34 under seal. Of course, filing yet another motion to

seal would be a waste of time if the defendant cannot meet the standards for secrecy discussed in the foregoing opinion. Alternatively, the defendant may wish to remove portions of the administrative record (D. 34) that it considers unnecessary or unimportant to the Court's resolution of the instant case. *Baxter* at 548 (suggesting that the parties may wish to "pare down" the record before the court). If so, the defendant should inform the Court as such.

**IT IS HEREBY ORDERED THAT** the defendant's motion to seal [D. 49] is **DENIED**. The defendant has **ten (10)** days from the date of this Order to renew its motion with respect to D. 32-34. If the defendant fails to comply, the Clerk of Court will be directed to unseal D. 32-34.

Dated at Milwaukee, Wisconsin, this 7th day of February, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**